**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 7, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DONALD L. JOHNSON, JR.,

      Defendant-Appellant.

No. 05-3460

(D.C. Nos. 04-CV-3378-JWL,
04-CV-3381-JWL, 03-CR-20013-JWL)

(D. Kan.)

---

**ORDER**

---

Before **KELLY, McKAY,** and **LUCERO**, Circuit Judges.

---

      Appellant is a federal prisoner, appearing pro se, who seeks habeas relief pursuant to 28 U.S.C. § 2255. Appellant pleaded guilty to conspiracy to possess with intent to distribute crack cocaine, possession with intent to distribute crack cocaine, and being a felon in possession of a firearm. In his plea agreement, he waived his right to appeal the sentence imposed or to challenge it through collateral attack. He was sentenced to 292 months' imprisonment on November 3, 2003. He did not appeal.

      On October 21, 2004, Appellant filed a § 2255 motion in which he asked for the district court to vacate his sentence in light of *Blakely v. Washington*, 542 U.S. 296 (2004). On October 25, 2004, he filed another § 2255 motion in which

he set forth numerous claims asserting ineffective assistance of counsel. The district court denied his motions and did not grant him a certificate of appealability.

Specifically, with respect to Appellant's right to challenge his sentence, the district court found that he had waived that right as part of his plea agreement: "Bearing these principles in my mind, the issues raised in [Appellant's] § 2255 petitions clearly fall within the scope of his waiver and he does not contend otherwise." Memorandum & Order, 3 (D. Kan. Apr. 11, 2005). In addition, after a careful review of Appellant's ineffective assistance of counsel claims in the plea negotiation process, the district court concluded that they were without merit. *Id.* at 5-9. Finally, out of an abundance of caution, the district court reviewed Appellant's *Blakely* claim on the merits, despite the waiver. The district court cited our decision in *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005), where we held that *Blakely* does not apply retroactively to an initial § 2255 motion. Therefore, Appellant's claim also fails on the merits. Memorandum & Order, 9.

Appellant now seeks from this court a certificate of appealability. The issues he raises on appeal are identical to those brought before the district court. To grant a certificate of appealability, Appellant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (1994). To meet this burden, Appellant must demonstrate "that reasonable jurists could

debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).

We have carefully reviewed Appellant's brief, the district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Appellant's filing raises an issue which meets our standard for the grant of a certificate of appealability. For substantially the same reasons set forth by the district court in its Memorandum & Orders of April 11, 2005, and October 19, 2005, we cannot say "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Id.*

Accordingly, we **DENY** Appellant's request for a certificate of appealability and Appellant's other motions, including his transcript request, as moot, and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge

-3-